# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROSA MARGARITA ARSUAGA-GARRIDO**,<br>    Plaintiff,<br><br>    v.<br><br>**ALEJANDRO MAYORKAS,<br>SECRETARY, DEPARTMENT OF<br>HOMELAND SECURITY,**<br>    Defendant. | **CIV. NO**. 18-2031 (MDM) |

## OPINION AND ORDER

Pending before the Court is plaintiff Rosa M. Arsuaga's ("Arsuaga" or "Plaintiff") Motion for Partial Reconsideration. (Docket No. 77). Defendant, The United States Department of Homeland Security ("DHS" or "Defendant"), filed a response in opposition (Docket No. 78) to Plaintiff's Motion for Partial Reconsideration, and the Plaintiff replied thereto. (Docket No. 79).

In the pending motion, the Plaintiff requests that the Court partially reconsider its Opinion and Order whereby it granted the Defendant's Motion for Summary Judgment and dismissed the Plaintiff's outstanding claims, namely, disability discrimination, failure to provide a reasonable accommodation, and hostile work environment, all lodged pursuant to the Rehabilitation Act of 1973, 29 U.S.C.A. § 701 *et seq.* (the "Rehabilitation Act"). (Docket No. 76). Plaintiff does not object to the dismissal of any of those claims, however, she takes issue with the Court's determination that she failed to properly raise a retaliation claim under the Rehabilitation Act and, therefore, no such claim is pending adjudication.

After reviewing the parties' pleadings, the procedural history of the case, and the applicable law, the Court **DENIES** the Plaintiff's Motion for Partial Reconsideration for the reasons set forth below.

## I.    Motion for Reconsideration Standard

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." *Sánchez-Pérez v. Sánchez-González*, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010). Any motion seeking the reconsideration of a judgment or order "which ask[s] the court to modify its earlier disposition of [a] case" is generally considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 323 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006); *Marie v. Allied Home Mortg. Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (citation omitted). Motions under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. *See,* Fed. R. Civ. P. 59. (Emphasis added).

Pursuant to Rule 59(e), a district court will alter its original order *only* if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted). A motion for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. *Standard Química De Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999); *Villanueva-Méndez v. Nieves Vázquez*, 360 F. Supp. 2d 320, 322-23 (D.P.R. 2005). "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . . [and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." *Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc.*, 322 F.R.D. 439, 441 (D.P.R. 2017) (citations omitted). "[A] motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Morán-Vega v. Rivera-Hernández*, 381 F. Supp. 2d 31, 36 (D.P.R. 2005).

In deciding a motion for reconsideration, the reviewing court has considerable discretion. *Venegas-Hernández v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004). As a general rule, motions for reconsideration should only be exceptionally granted. *Villanueva-Méndez*, 360 F. Supp. 2d at 323, *aff'd*, 440 F.3d 11 (1st Cir. 2006). To that effect, "[r]ule 59(e) relief is granted sparingly." *Biltcliffe,* 772 F.3d at 930.

## II. Discussion

Beginning with the first claim of error, the Plaintiff argues that she asserted a retaliation claim in the complaint under *both* Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.* ("Title VII") and the Rehabilitation Act, and that the later claim has not yet been dismissed. Plaintiff claims that a liberal reading of the complaint suffices to show that she raised retaliation claims under both statutes, not just Title VII, even though she acknowledges that she only *explicitly asserted* a retaliation cause of action under *Title VII*. Plaintiff's counsel argues *for the first time* on reconsideration that his failure to explicitly include a retaliation claim under the Rehabilitation Act was due to an *oversight* because Plaintiff's latent intention, apparently, was to lodge a retaliation claim under the Rehabilitation Act, in addition to the Title VII retaliation claim. According to the Plaintiff, the Court should have read the complaint "as a whole" and assumed, without any basis, that Plaintiff had lodged a retaliation claim under the Rehabilitation Act, though no such claim was in fact pled in the complaint. Plaintiff's argument misses the mark.

### A. Plaintiff did not raise a claim of retaliation under the Rehabilitation Act in the complaint

A plain reading of the complaint makes pellucid that Arsuaga did not assert a retaliation claim under the Rehabilitation Act. This was the Court's conclusion since the outset of the case. *See*, 2021 Opinion and Order (finding that Plaintiff filed a retaliatory action *only* under Title VII, which claim was dismissed for failure to state a claim under that statute, pp. 4, 6-7). For that reason, the Court held in its Opinion and Order at Docket No. 76 that no such claim was plausible at the summary judgment stage. The Court decided that it cannot allow Arsuaga's belated and improper attempt to amend her allegations to raise a claim for retaliation under the Rehabilitation Act that was not asserted in the complaint at this stage of the proceedings. *See,* Docket No. 76; *Alamo Rodríguez v. Pfizer,* 286 F. Supp. 2d 144 (D.P.R. 2003). The Court reaffirms its prior position.

> It is one matter that the Court must analyze the factual scenario in this case construing the facts, the record, and all reasonable inferences, in the light most favorable to the

ARSUAGA v. ALEJANDRO MAYORKAS
Civ. No. 18-2031 (MDM)

- 4 -

> Plaintiff. *See, Corujo-Marti v. Triple-S, Inc.*, 519 F. Supp. 2d 201, 213–14 (D.P.R. 2007); *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed. 2d 105 (2000). It is another matter entirely to allow the Plaintiff to bring forth new *never raised causes of actions and allegations under new statutes*, which were not properly brought in the complaint or during the allowed timeframe to amend the pleadings. *See, Corujo-Marti*, 519 F. Supp. 2d at 213–14. The Court is not obliged to search the record, where Plaintiff failed to request to amend the complaint, in order to set forth her new cause of action, allegations, and theories. *Celotex,* 477 U.S. at 324, 106 S. Ct. at 2553; *Barge v. Anheuser–Busch, Inc.,* 87 F.3d 256, 260 (8th Cir. 1996); *Alamo,* 286 F. Supp. 2d at 144; *Vega Rodríguez v. Loctite Puerto Rico, Inc.,* 967 F. Supp. 653, 658, n.7 (D.P.R. 1997). *See also, Dávila Rivera v. Caribbean Refrescos, Inc.,* 2004 WL 1925477 (D.P.R. 2004). (Emphasis added).

(Docket No. 76, p. 38) (emphasis added). A plain reading of the complaint reveals that in Section VII of the complaint, entitled "Causes of Action," Plaintiff included a retaliation claim pursuant to *Title VII* in the "Third Cause of Action" section in paragraphs 7.12 and 7.13. (Docket No. 1 at 16). The complaint explicitly states that Arsuaga brought a claim of retaliation "because she engaged in protected activities, *in violation of Title VII.*" *Id*. Arsuaga premised her retaliation claim solely under Title VII, not under the Rehabilitation Act. It could not be any clearer.

Additionally, like the Defendant correctly observed, Plaintiff's argument that the complaint's paragraph 7.16 somehow asserts a retaliation claim under the Rehabilitation Act is a misconception of her pleading and an attempt to induce the Court to err. Contrary to Plaintiff's contention, the final paragraphs of the complaint, namely, ¶¶7.14 through 7.17, clearly pertain to Plaintiff's general claims for damages as a result of the alleged illegal employment actions by the Defendant. Those paragraphs do not raise a retaliation claim under the Rehabilitation Act.

In Plaintiff's current misguided attempt to overcome the total and fatal dismissal of her retaliation claim, the Plaintiff suggests that it was the Court's duty to ferret through the scattered allegations in the complaint, guess Plaintiff's latent intent, and extrapolate causes of action, like a claim for retaliation under the Rehabilitation Act, which she failed to plead. Her position is without merit. The Court is not required to sift through a plaintiff's complaint "in an attempt to ferret out plaintiff's factual allegations" or causes of action that are not properly pled. *See, Hollis v. York*, No. 1:09-CV-00463 (OWW-SMS), 2011 WL 3740811, at *2 (E.D. Cal. Aug. 24, 2011) (the Court declines to expend its already taxed resources with attempting to sort out Plaintiff's causes of action). *See also, Wilson v. City of Fresno*, No. 1:19-CV-01658 (DAD-BAM), 2020 WL 5366302, at *18 (E.D. Cal. Sept. 8, 2020) (finding that defendant or the court should not have to "ferret through allegations scattered throughout the Complaint.").

It is the Plaintiff's job, not the Court's, to comply with the requirements of Fed. R. Civ. P. 8, clearly state a claim for each cause of action raised in the complaint and aver facts sufficient to advise the Court as to why the pleader is entitled to relief. The Plaintiff did not comply with this requirement as it relates to a retaliation claim under the Rehabilitation Act. The complaint states what Plaintiff determined to be accurate and sufficient, and the Court interpreted it as drafted. That interpretation, undertaken in the light most favorable to Plaintiff, resulted in the only plausible conclusion: that Plaintiff did not include a claim for retaliation under the Rehabilitation Act.

### B. The Court found that the complaint raised three causes of action for discrimination under the Rehabilitation Act and a single cause of action for retaliation under Title VII

In the Opinion and Order dated February 18, 2021 (the "2021 Opinion and Order") (Docket No. 47) adjudicating Defendant's motion to dismiss, the Court found that the complaint did unambiguously raise three specific causes of action: disability discrimination under the Rehabilitation Act, failure to reasonably accommodate under the Rehabilitation Act, and retaliation under *Title VII*. The Court also found,

reading the pleading in a light most favorable to Plaintiff, that although not specifically pled in the complaint as a separate cause of action, the complaint properly asserted a hostile work environment claim under the Rehabilitation Act. No other claims were properly brought forth in Plaintiff's complaint.

While Plaintiff did raise most of her causes of action under the Rehabilitation Act, she did not raise a *retaliation* claim under that statute. For that reason, when ruling on the Defendant's motion to dismiss in the 2021 Opinion and Order, the Court analyzed Arsuaga's *sole* retaliation claim under Title VII and dismissed it for failure to state a claim. The Court held in the 2021 Opinion and Order that Plaintiff specifically alleged that her termination was in retaliation for having engaged in protected activity in violation of *Title VII—not* the Rehabilitation Act. Therefore, because Title VII bars only discrimination on the basis of race, color, religion, sex, and national origin, and *does not* provide a cause of action for claims of disability-based discrimination or retaliation, the Court correctly dismissed Plaintiff's *one and only* retaliation claim. (Docket No. 47).

In the 2021 Opinion and Order, the Court found that because Arsuaga's claims were exclusively grounded on disability discrimination, her retaliation claim is not cognizable under Title VII and could not survive dismissal. *Id. See, Fantini v. Salem State College,* 557 F.3d 22, 32 (1st Cir. 2009). As such, the Court "**DISMISSED with prejudice**" Arsuaga's sole retaliation claim, which was asserted pursuant to Title VII. (Docket No. 47) (Emphasis in original). That was the end of Plaintiff's retaliation cause of action and a motion for reconsideration cannot be used now as a vehicle to relitigate and/or rehash matters already litigated and adjudicated by the Court. *Standard Química De Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999).

### C. A belated motion for reconsideration is an inadequate procedure to raise a *new* cause of action for retaliation under the Rehabilitation Act

Through the filing of the Motion for Partial Reconsideration, Plaintiff pursues a last-minute effort to create, by judicial fiat, a cause of action that was not properly asserted in the complaint, that Defendant did not have proper notice of, and that the Court never recognized as being litigated in this case. To support her contention, however, the Plaintiff claims that the Court did not previously dismiss her retaliation claim under the Rehabilitation Act in the 2021 Opinion and Order. Her theory rests on two erroneous premises. First, that Plaintiff sufficiently asserted a retaliation claim under the Rehabilitation Act in the complaint, which, as discussed in *Sections II(A) and (B)* above, she did not. And second, that because the Court did not dismiss such claim in its 2021 Opinion and Order, somehow that claim remains alive for litigating. Plaintiff's arguments misconstrue the record. The Plaintiff claims that in the Court's 2021 Opinion and Order, the Court recognized a never-raised and never-discussed cause of action for retaliation under the Rehabilitation Act. The Court finds otherwise and explains.

At the beginning of the 2021 Opinion and Order, the Court recognized that Plaintiff expressly asserted three (3) causes of action in the complaint, as drafted: (1) disability discrimination in violation of the Rehabilitation Act; (2) failure to provide a reasonable accommodation in violation of the Rehabilitation Act; and (3) retaliation in violation of *Title VII*. (*See,* Docket No. 47 at 4). The Court also found that Plaintiff broadly claimed that she was subjected to a hostile work environment because of her disability and recognized a fourth cause of action that was not specifically pled. Because the Defendant moved to dismiss Plaintiff's four claims, the Court discussed each claim in succession when it adjudicated that dispositive motion.

The Court began its discussion with Plaintiff's sole retaliation claim, by finding, in no uncertain terms, that it was asserted pursuant to *Title VII*. The Court's thorough analysis of the complaint never recognized that Plaintiff had brought a retaliation claim under the Rehabilitation Act. Indeed, the Court pointedly titled that

section of the 2021 Opinion and Order, "Retaliation under Title VII." *Id.* at 5. The discussion that followed was limited to Title VII as the Plaintiff's cause of action had been expressly brought under that statute. Again, because Title VII does not encompass disability discrimination claims, like those asserted in the present case, Plaintiff's sole retaliation claim was "**DISMISSED with prejudice**." *See*, Docket No. 47 at 7. (Emphasis in original). Moreover, in a footnote at the conclusion of the Court's discussion of this claim, the Court observed that "[d]isability discrimination in federal employment is specifically covered by the provisions of The Rehabilitation Act of 1973, 29 U.S.C. § 794, under which Arsuaga asserted her *other* causes of actions in the complaint. *See, Rojas v. Principi*, 326 F. Supp. 2d 267, 276 (D.P.R. 2004)." (Docket No. 47 at 7) (emphasis added). That statement distinctly emphasized the Court's finding that Plaintiff did not assert a retaliation claim under the Rehabilitation Act.

After dismissing Plaintiff's sole retaliation claim, the Court moved on to discuss the three (3) causes of action that she asserted pursuant to the *Rehabilitation Act*, namely, her "broader claims of discrimination, failure to reasonably accommodate, and hostile work environment." Docket No. 47 at 7. The Court analyzed the claims asserted under the Rehabilitation Act and found that the parties had raised material factual disputes which the Court could not properly resolve at the motion to dismiss stage. Accordingly, the Court denied the Defendant's motion to dismiss Plaintiff's three claims for discrimination under the Rehabilitation Act. Nowhere in the 2021 Opinion and Order did the Court mention or discuss the merits or dismissal of a claim for retaliation under the Rehabilitation Act because, as previously indicated, such claim was not asserted in the complaint.

It is correct, however, that notwithstanding the Court's clear pronouncements on the fate of Plaintiff's four (4) recognized causes of action, in the *Conclusion* of the 2021 Opinion and Order, the Court inadvertently summarized the three (3) surviving claims under the Rehabilitation Act as follows: "(1) the discriminatory *and/or retaliatory* termination claim; (2) the failure to reasonably accommodate claim; and (3) the hostile work environment claim. (Emphasis added). The Court recognizes that the words "and/or retaliatory" regarding the discrimination claim were included by

mistake. Their inclusion is a typographical error that becomes apparent to anyone who examines the well-reasoned, 17-page 2021 Opinion and Order.

Plaintiff nevertheless argues that those three words, which are clearly incompatible with the Court's detailed ruling in the 2021 Opinion and Order, constitute recognition by the Court of a retaliation claim under the Rehabilitation Act that was *never* asserted in the complaint. Contrary to Plaintiff's contentions, the inadvertent typographical error in the *Conclusion* does *not* reflect the sum and substance of the Court's ruling in the 2021 Opinion and Order. To suggest otherwise is disingenuous. The Court's lengthy analysis and reasoning, recognizing the assertion of a retaliation claim only under Title VII, remains sound and is controlling. That determination by the Court *is* what constitutes the law of the case. In that substantive adjudication, the Court did not recognize a cause of action for retaliation under the Rehabilitation Act that Plaintiff now seeks to raise. Furthermore, argument by counsel in a motion for reconsideration is insufficient to amend the pleadings to introduce a claim that was never asserted in the complaint. Accordingly, the Court must decline Plaintiff's invitation to include a *new* cause of action through an improper procedural vehicle at this late stage of the proceedings. The time for adding causes of actions has long since passed.

The law of the case is, and has always been, that Plaintiff's sole retaliation claim was premised under Title VII and that claim was dismissed on February 18, 2021.[1] No other retaliation claim is pending. That being the case, the Court observed in its Opinion and Order on the Defendant's Motion for Summary

---

[1] There has never been a lack of clarity as to the Court's determination that Plaintiff raised only one cause of action for retaliation under Title VII. If, upon reading the 2021 Opinion and Order, counsel understood that the typographical error in the *Conclusion* created an internal inconsistency or caused some confusion with respect to the fate of his client's purported retaliation claim under the Rehabilitation Act, it was his duty to seek timely clarification from the Court then. He did not do so. The failure to timely raise those concerns further weakens his position. Rule 59(e) motions are "aimed at *re*consideration, not initial consideration." *Harley–Davidson Motor Co., Inc. v. Bank of New England*, 897 F.2d 611, 616 (1st Cir. 1990) (citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 451 (1982)) (emphasis in original). Thus, parties should not use them to raise arguments which could have, and should have, been made before. *Iverson v. City of Bos.,* 452 F.3d 94, 104 (1st Cir. 2006). There was no reason why Plaintiff could not have timely sought clarification of any misunderstanding related to the Court's 2021 Opinion and Order. Such delay belies the legitimacy of the arguments now raised and proves fatal to Plaintiff's contentions.

Judgment that because Plaintiff's retaliation claim had been formerly dismissed, there remained no outstanding retaliation claim to discuss. (Docket No. 76).

The Court's rulings relating to the Plaintiff's retaliation claim have remained consistent and unchanged throughout the course of this litigation. The Motion for Partial Reconsideration filed by the Plaintiff cannot prevail because it neither demonstrates a manifest error of law, an intervening change in law that warrants reconsideration, nor presents new evidence. *See, Biltcliffe*, 772 F.3d at 930. Plaintiff's motion is unavailing because it does not request reconsideration under any of the limited instances for which reconsideration is proper.

### III.   Conclusion

For the foregoing reasons, Plaintiff's arguments on reconsideration do not pass muster. Accordingly, the Court **DENIES** the Plaintiff's Motion for Partial Reconsideration at Docket No. 77.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of April 2022.

_____
MARSHAL D. MORGAN
United States Magistrate Judge